## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES,<br>    2100 L Street N.W.<br>    Washington, DC  20037<br>        *Plaintiff*,<br><br>            v.<br><br>THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>    1200 Pennsylvania Avenue N.W.<br>    Washington, DC  20460<br>        *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-840 (RC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, the U.S. Environmental Protection Agency ("EPA" or "Agency"), by and through the undersigned counsel, hereby responds to the Complaint filed by Plaintiff, the Humane Society of the United States ("HSUS").

## FIRST DEFENSE

Defendant has conducted an adequate search in response to the underlying requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, has released (and continues to release) responsive records on a rolling basis, and has not improperly withheld any records under the FOIA.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by the FOIA, 5 U.S.C. § 552.

\* \* \* \* \*

In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

## I. INTRODUCTION[1]

1. This paragraph contains Plaintiff's characterization of this action and its FOIA requests, to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff filed a complaint asserting claims under the FOIA arising from FOIA requests Plaintiff submitted. Those FOIA requests contain the best evidence of their contents. Defendant denies the remaining allegations in this paragraph.

2. This paragraph contains Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations in this paragraph.

## II. JURISDICTION AND VENUE

3. This sentence contains Plaintiff's statement of jurisdiction and states a conclusion of law to which no response is required; Defendant admits, however, that this Court has jurisdiction over this matter.

4. This sentence contains Plaintiff's statement of jurisdiction and states a conclusion of law to which no response is required; Defendant admits, however, that this Court may grant declaratory relief in appropriate circumstances.

5. Defendant admits venue is proper in this district.

## III. PARTIES

6. This paragraph contains Plaintiff's characterization of its corporate status, its principal place of business, and its organizational activities. Defendant lacks sufficient knowledge or

---

[1] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

information to form a belief about the truth of the allegations contained in this paragraph and therefore denies them.

7. This paragraph contains Plaintiff's characterization of its organizational activities. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph and therefore denies them.

8. Defendant admits that the EPA is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is in possession of certain records sought by Plaintiff. The remaining allegations state conclusions of law to which no response is required. To the extent that a response is required, Defendant does not contest that it is the proper defendant in this action.

## IV.  LEGAL FRAMEWORK

9. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA provisions to which no answer is required. To the extent that a response is required, the cited statutory provisions speak for themselves.

10. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA provisions to which no answer is required. To the extent that a response is required, the cited statutory provisions speak for themselves.

11. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA provisions to which no answer is required. To the extent that a response is required, the cited statutory provisions speak for themselves.

12. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA provisions to which no answer is required. To the extent that a response is required, the cited statutory provisions speak for themselves.

13. This paragraph contains legal conclusions and Plaintiff's characterization of a FOIA provision to which no answer is required. To the extent that a response is required, the cited statutory provision speaks for itself.

14. This sentence contains legal conclusions and Plaintiff's characterization of a FOIA provision to which no answer is required. To the extent that a response is required, the cited statutory provision speaks for itself.

15. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA provisions and EPA's FOIA regulations under 40 C.F.R. Part 2, Subpart A, to which no answer is required. To the extent that a response is required, the cited statutory and regulatory provisions speak for themselves.

16. This sentence contains a legal conclusion to which no answer is required. To the extent that a response is required, the cited statutory provision speaks for itself.

## V.  FACTUAL BACKGROUND

17. This paragraph contains Plaintiff's characterization of EPA's activities, to which no response is required. To the extent a response is required, Defendant admits the EPA conducts programmatic activities under the Clean Air Act; the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"); and the Emergency Planning and Community Right-to-Know Act ("EPCRA").

18. This paragraph contains Plaintiff's characterizations of EPA's Federal Register "Notice of consent agreement and final order, and request for public comment," 70 Fed. Reg. 4,958 (Jan. 31, 2005), and the Air Consent Agreement, to which no response is required. To the extent a response is required, the Federal Register notice and the Air Consent Agreement speak for themselves and are the best evidence of their contents.

19.  This paragraph contains Plaintiff's characterization of the Air Consent Agreement, to which no response is required.  To the extent a response is required, the Air Consent Agreement speaks for itself and is the best evidence of its contents.

20.  This paragraph contains Plaintiff's characterization of the Air Consent Agreement, to which no response is required.  To the extent a response is required, the Air Consent Agreement speaks for itself and is the best evidence of its contents.

21.  This paragraph contains Plaintiff's characterizations of notifications of payments made to the Monitoring Fund, to which no response is required, as such payments are irrelevant to the resolution to the claims set forth in the Complaint.  To the extent that a response is required, Defendant denies.

22.  Defendant admits that approximately 2,600 Air Consent Agreements, covering approximately 14,000 facilities, were approved by the Environmental Appeals Board.

23.  This paragraph contains Plaintiff's characterizations of the Air Consent Agreements, to which no response is required, and contains vague allegations that are irrelevant to the resolution of the claims set forth in the Complaint.  To the extent that a response is deemed necessary, Defendant denies.

24.  Defendant admits that Plaintiff submitted a FOIA request to EPA on October 16, 2012 ("FOIA Request One").  Defendant refers to FOIA Request One as the best evidence of its contents and accordingly denies all remaining allegations.

25.  Defendant admits the EPA received FOIA Request One on October 16, 2012.  Defendant further admits that FOIA Request One initially was assigned the reference number "EPA-R4-2013-00575," and was later reassigned as "EPA-HQ-2013-00575."

26. Defendant admits Plaintiff submitted a FOIA request to EPA on October 19, 2012 ("FOIA Request Two"). Defendant refers to FOIA Request Two as the best evidence of its contents and accordingly denies all remaining allegations.

27. Defendant admits that the EPA received FOIA Request Two on October 19, 2012. Defendant also admits that FOIA Request Two initially was assigned the reference number "EPA-R5-2013-00696," and was later reassigned as "EPA-HQ-2013-00696."

28. This paragraph contains Plaintiff's characterization of EPA's treatment of FOIA Requests One and Two, to which no response is required. To the extent a response is required, Defendant admits that FOIA Requests One and Two were related to the Air Consent Agreements and largely overlapped with respect to the records sought, and accordingly EPA responded to each Request in conjunction with the other.

29. This paragraph contains Plaintiff's characterization of EPA's letter to the HSUS on December 18, 2012. The December 18 letter speaks for itself and is the best evidence of its contents.

30. This paragraph contains Plaintiff's characterization of EPA's letter to the HSUS on December 18, 2012. The December 18 letter speaks for itself and is the best evidence of its contents.

31. This paragraph contains Plaintiff's characterization of EPA's communication with the HSUS on January 7, 2013. The January 7, 2013, communication speaks for itself and is the best evidence of its contents.

32. This paragraph contains Plaintiff's characterization of the communications between the EPA and the HSUS between January 7, 2013 and February 8, 2013, to which no response is required. The communications speak for themselves and are the best evidence of their contents.

33. This paragraph contains Plaintiff's characterization of the communications between the EPA and the HSUS between January 7, 2013 and February 8, 2013, to which no response is required. The communications speak for themselves and are the best evidence of their contents. By way of further answer, Defendant admits that it communicated that it anticipated that there would be approximately 10,000 pages "potentially" responsive to Request One and Request Two. Defendant denies all remaining allegations.

34. This paragraph contains Plaintiff's characterization of the HSUS's February 13, 2013 email to the EPA. The February 13, 2013 email speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

35. This paragraph contains Plaintiff's characterization of EPA's April 4, 2013 email to the HSUS. The April 4, 2013 email speaks for itself and is the best evidence of its contents.

36. This paragraph contains Plaintiff's characterization of EPA's May 17, 2013 letter to the HSUS. The May 17, 2013 letter speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

37. This paragraph contains Plaintiff's characterization of EPA's June 25, 2013 letter to the HSUS. The June 25, 2013 letter speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

38. This paragraph contains Plaintiff's characterization of EPA's June 25, 2013 letter to the HSUS. The June 25, 2013 letter speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

39. Defendant admits the HSUS submitted an administrative appeal to the June 25, 2013 response on July 16, 2013. The July 16, 2013 appeal speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

40. Defendant admits that the EPA Office of General Counsel responded to the July 16 administrative appeal on August 20, 2013.  The August 20, 2013 response speaks for itself and is the best evidence of its contents.

41. This paragraph contains Plaintiff's characterization of EPA's August 20, 2013, response to the HSUS administrative appeal and an EPA letter dated September 9, 2013.  The August 20, 2013 and September 9, 2013 letters speak for themselves and are the best evidence of its contents.  Defendant denies all remaining allegations.

42. Defendant denies the allegation in the first sentence of paragraph 42 that the EPA never produced records related to the payment of fees assessed under the relevant Air Consent Agreements.  The second sentence of paragraph 42 contains Plaintiff's opinions about what records EPA should possess, about which subjective belief Defendant lacks sufficient knowledge or information to form a view as to the truth of such allegations and therefore denies them.

43. Defendant denies the allegation in this sentence.  By way of further answer, Defendant notes that, subsequent to the filing of the Complaint, it has released substantial additional records to Plaintiff, and that further releases are continuing on a rolling basis.

44. Defendant admits the HSUS submitted a FOIA request ("FOIA Request Three") on July 17, 2013.  FOIA Request Three speaks for itself and is the best evidence of its contents.

45. Defendant admits FOIA Request Three was received by the EPA on July 22, 2013 and assigned the FOIA tracking number, "EPA-HQ-2013-008468."

46. This paragraph contains a conclusion of law to which no response is required.  Defendant denies the allegations in this paragraph.

47. This paragraph contains Plaintiff's characterization of an August 21, 2013, letter from the EPA to the HSUS. The August 21, 2013 letter speaks for itself and is the best evidence of its contents.

48. This paragraph contains Plaintiff's characterization of the HSUS September 6, 2013 response to the EPA. The September 6, 2013 letter speaks for itself and is the best evidence of its contents.

49. This paragraph contains Plaintiff's characterization of a September 11, 2013 letter from the EPA to the HSUS. The September 11, 2013 letter speaks for itself and is the best evidence of its contents. Defendant denies the allegations in this paragraph.

50. This sentence contains Plaintiff's characterization of EPA's production of records to the HSUS. Defendant admits the EPA provided the HSUS with an "interim response" on December 23, 2013.

51. This paragraph contains Plaintiff's characterization of EPA's December 23, 2013 response and allegations pertaining to an EPA employee, Mr. Timothy Sullivan. The December 23, 2013 response speaks for itself and is the best evidence of its contents. Defendant admits that Mr. Sullivan transmitted the August 21, 2013 and September 11, 2013 correspondence and denies all remaining allegations.

52. This paragraph contains Plaintiff's characterization of EPA's December 23, 2013 response. The December 23, 2013 response speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

53. This paragraph contains Plaintiff's characterization of EPA's December 23, 2013 response. The December 23, 2013 response speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

54. This paragraph contains Plaintiff's characterization of EPA's December 23, 2013 response. The December 23, 2013 response speaks for itself and is the best evidence of its contents. Defendant denies all remaining allegations.

55. The allegations in this paragraph are vague and ambiguous, and accordingly are denied.

56. Defendant denies the allegations in this sentence. By way of further answer, Defendant notes that it has informed Plaintiff that it anticipates completing its processing of FOIA Request Three by the end of September 2014.

## VI. CAUSES OF ACTION

### COUNT I: IMPORPER WITHHOLDING OF AGENCY RECORDS PURSUANT TO 5 U.S.G. § 552(b)(5) AND FAILURE TO PROVIDE REASONABLY SEGREGABLE PORTIONS OF RECORDS THAT ARE NOT EXEMPT.

57. Defendant refers to and incorporates its responses to paragraphs 1 through 56 of this Complaint as fully stated therein.

58. This paragraph contains a conclusion of law to which no response is required.

59. This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

60. This sentence contains a conclusion of law to which no response is required. To the extent that an answer is required, the cited statutory provision speaks for itself, and Defendant denies the allegations in this paragraph.

61. This sentence contains a conclusion of law to which no response is required. To the extent that an answer is required, the cited statutory provision speaks for itself.

62. This sentence contains a conclusion of law to which no response is required.

63. This sentence contains a conclusion of law to which no response is required. Defendant denies Plaintiff is entitled to the relief requested.

**COUNT II: FAILURE TO CONDUCT A REASONABLY ADEQUATE SEARCH FOR RESPONSIVE RECORDS**

64. Defendant refers to and incorporates its responses to paragraphs 1 through 63 of this Complaint as fully stated therein.

65. This paragraph contains conclusions of law to which no response is required.

66. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations in this paragraph.

67. This paragraph contains conclusions of law and Plaintiff's characterization of EPA's response to FOIA Requests One and Two, which includes speculation and opinions. To the extent a response is required, Defendant admits that it communicated that it anticipated that there would be approximately 10,000 pages "potentially" responsive to Request One and Request Two. Defendant denies all remaining allegations in this paragraph.

68. This paragraph contains conclusions of law and Plaintiff's characterization of EPA's response to FOIA Requests One and Two, which includes speculation and opinions. To the extent a response is required, the Defendant denies all allegations in this paragraph.

69. This paragraph contains conclusions of law and Plaintiff's characterization of EPA's response to FOIA Requests One and Two, which includes speculation and opinions. To the extent a response is required, the Defendant denies all allegations in this paragraph.

70. This sentence contains a conclusion of law to which no response is required.

71. This sentence contains a conclusion of law to which no response is required. Defendant denies Plaintiff is entitled to the relief requested.

### COUNT III:  FAILURE TO PROVIDE NON-EXEMPT PUBLIC RECORDS

72. Defendant refers to and incorporates its responses to paragraphs 1 through 71 of this Complaint as fully stated therein.

73. This paragraph contains conclusions of law to which no response is required. Defendant denies all allegations in the second sentence of this paragraph.

74. Defendant denies.

75. Defendant denies.

76. This sentence contains a conclusion of law to which no response is required.

77. This sentence contains a conclusion of law to which no response is required. Defendant denies Plaintiff is entitled to the relief requested.

### COUNT IV:  FAILURE TO PROVIDE A LAWFUL RESPONSE AND FINAL DETERMINATION TO REQUEST THREE

78. Defendant refers to and incorporates its responses to paragraphs 1 through 77 of this Complaint as fully stated therein.

79. This first sentence of this paragraph contains a conclusion of law to which no response is required.  The second sentence of this paragraph is vague and ambiguous and is accordingly denied.

80. This sentence contains a conclusion of law to which no response is required.

81. This paragraph contains conclusions of law to which no response is required. Defendant denies all allegations in this paragraph.  By way of further answer, Defendant notes that it has informed Plaintiff that it anticipates completing its processing of FOIA Request Three by the end of September 2014.

82. This sentence contains a conclusion of law to which no response is required, and is accordingly denied.

83. Defendant denies.

84. This paragraph contains conclusions of law to which no response is required.

85. This sentence contains a conclusion of law to which no response is required.

Defendant denies Plaintiff is entitled to the relief requested.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's Request for Relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in Subparts (1) through (8) of the "Wherefore" clause or to any relief whatsoever.

WHEREFORE, having fully answered, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in favor of the Defendant and requests such further relief as the Court deemed appropriate.

Date: August 11, 2014                     Respectfully submitted,

                                          RONALD C. MACHEN JR., D.C. Bar #447889
                                          United States Attorney
                                          For the District of Columbia

                                          DANIEL VAN HORN, D.C. Bar #924092
                                          Chief, Civil Division

                             By:            /s/
                                          PETER PFAFFENROTH
                                          Assistant United States Attorney, D.C. Bar #496637
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          Tel: (202) 252-2513
                                          Peter.Pfaffenroth@usdoj.gov

*Of counsel:*
Quoc P. Nguyen, Esq.
Office of General Counsel
U.S. Environmental Protection Agency

Timothy J. Sullivan, Esq.
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency